Law Library

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM
2012 NOV 26 PH 4: 40
CLERK OF COURT
BY _____

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0984-11 |
| vs. | |
| HU SHAN LIANG, | DECISION AND ORDER |
| Defendant. | |

This matter came before the HONORABLE VERNON P. PEREZ on October 31, 2012 for Defendant's Motion to Suppress. Assistant Public Defender Suresh Sampath represented Defendant, who was present. Assistant Attorney General Frances C. DeCecco appeared on behalf of the Government. The Court took the motion under advisement. After hearing the Parties' arguments, reviewing the record and considering the Parties' pleadings, the Court now issues the following Decision and Order.

## BACKGROUND

On or about September 17, 2011, Defendant was charged with driving while under the influence of alcohol, reckless driving and operating a motor vehicle without a valid license. Preceding his arrest, Defendant was discovered at approximately 9:20p.m., on the roadway, traveling into the opposite lane almost colliding with oncoming traffic. Defendant filed a Notice of Motion and Motion to Suppress on September 13, 2012. On October 31, 2012, the Court heard the matter. This Decision and Order will only address Defendant's Motion to Suppress.

## DISCUSSION

**Timeliness of Governments Opposition**

Defendant argues that the Government's Opposition should be deemed untimely and not considered. The Court finds that the Government responded to Defendant's Motion within 12 days on September 25, 2012. Furthermore, the Government only had a few days to file an opposition within the guidelines and the Court finds a good cause argument to the untimely

filing. Finally, the Court would have evaluated the merits of Defendant's Motion to Dismiss in the event no opposition was filed.

**Defendant Consented to Any Detention Over 15 Minutes**

Defendant moves to suppress any and all evidence obtained by police officers as a result of an unlawful detention of his person in violation of 8 Guam Code Annotated §§ 30.10-30.60, Guam's Stop and Frisk statute. Guam law provides, "[n]o person shall be detained under the provisions of § 30.10 longer than is reasonably necessary to effect the purposes of that section, and in no event longer than 15 minutes..." 8 GCA § 30.30. Defendant argues that he was detained for more than the permitted 15 minutes, therefore, the remedy for a Stop and Frisk violation should be suppression of all evidence seized.

The purpose for Guam's Stop and Frisk Act is to set guidelines for investigatory stops where the police officer has reasonable suspicion that a person has or is about to commit a criminal offense. 8 G.C.A. § 30.10. A police officer then has 15 minutes to ascertain the identity of the person detained and to determine the circumstances surrounding his presence which lead the officer to believe that he committed, was committing or was about to commit a criminal offense. 8 G.C.A. § 30.20. If probable cause arises any time after the onset of the detention, the person shall be arrested. 8 G.C.A. § 30.40. The time limitation under Section 30.10 is no longer applicable once probable cause has been formed or a defendant is arrested.

During the investigatory stop, here, Officers had probable cause to arrest Defendant based on the plentiful evidence to suggest a criminal violation. Very early into the police interactions with Defendant, well before 15 minutes elapsed, Defendant admitted to driving without a valid license and appeared to have several indicators of intoxication. Once probable cause is formed during the investigatory stop, the 15 minute time limit for the purposes of Section 30.10 no longer governs. The investigatory stop then becomes a detention and need only pass a constitutional analysis against unreasonable searches and seizures guaranteed by the Fourth Amendment.

The United States Supreme Court has repeatedly rejected the application of a bright-line time limit for Fourth Amendment detentions. *See United States v. Sharpe*, 470 U.S. 675, 685

(1985).   Although having a 'bright-line' rule would be helpful in evaluating whether an investigative detention is unreasonable, a police officer's common sense and judgment must ultimately govern their conduct.   In *United States v. Place*, the court reasoned, "[s]uch a limit would undermine the equally important need to allow authorities to graduate their responses to the demands of any particular situation." *Place*, 462 U.S.   696, 709 (1983).   The Guam legislature has provided a clear framework for stops for the purposes of Sections 30.30-40, which at any time probable cause appears, the person shall be arrested.   The 15 minute limitation was inapplicable in this case since officers had probable cause to arrest.

More importantly, Defendant consented to the detention extending past 15 minutes by agreeing to do field sobriety tests.   The United States Supreme Court touched on the subject of consent when stating "[w]e recognize, of course, that the choice to submit or refuse to take a blood-alcohol test will not be an easy or pleasant one for a suspect to make. But the criminal process often requires suspects and defendants to make difficult choices." *South Dakota v. Neville*, 459 U.S. 553, 564 (1983).   That discussion of the obligation of suspects to refuse further compliance with the police leads this Court to reasonably conclude that Defendant agreed to any delay in the detention caused by the field sobriety tests.   The Court understands that it would be a gamble for any individual to refuse cooperation with the police.   Yet, the Court will not apply the 15 minute rule and suppression of evidence where the police appear to have acted entirely appropriately.[1]   The Court concludes that if Defendant refused the field sobriety tests, the police would have been able to make an arrest based on his intoxicated appearance and lack of valid license.   Here, the police were not required to make that determination until after the field sobriety test completed due to Defendant's consent.   The Court would note that the police actually ended the field sobriety tests early and before

---

[1] The Court would note that in some cases, like this one, where there preexisting and overwhelming evidence to support a valid probable cause based arrest, the field sobriety test is an opportunity for a suspect to show a lack of inebriation. Once substantial indicia of intoxication are present, or no valid driver's license, the police may already arrest a suspect. The Court views that it is possible that any further opportunity to show a lack of inebriation is an opportunity given to suspects to prove or plead innocence. In these situations, a person is obligated to refuse consent and gamble that there is not enough evidence to make an arrest and the police must decide on whether they release or arrest under the 15 minute rule. In Defendant's case, his driving ability, appearance and lack of a valid driver's license was adequate such that any refusal to comply with the police request would have likely lead to an arrest.

completion due to Defendant's inability to perform the tests and because Defendant presented adequate indicia of DUI to make an arrest. The police, in this case, put forth an effort to spare Defendant of any wasted time and shortened the investigation as much as possible.

Defendant argues that a language barrier invalidated the consent. Yet, the Court has reviewed the evidence of Defendant's testimony at hearing on the issue, as well as Officer Laxamana's testimony, and concludes that Defendant was aware of the circumstances and understood what he was consenting to. Defendant may not be able to speak English fluently, but his multiple years on Guam and ability to understand basic English allow the Court to find that Defendant was aware that he agreed to perform tests that take considerable amount of time to perform. The Court makes this determination based on the Court's observations during Defendant's testimony taken on October 31, 2012.

Furthermore, the Court does not agree with Defendant's assertion that any and all evidence from a detention should be suppressed. A "detention" is limited to ascertaining the identity of the person and the circumstances surrounding his presence which lead the officer to believe that he had committed, was committing, or was about to commit a criminal offense. 8 G.C.A. § 30.20. A request for identification and investigation does not generally constitute a seizure and, most importantly, does not trigger Fourth Amendment protections. In Terry, a "detention" occurs when a "police officer accosts an individual and restrains his freedom to walk away." *Terry v. Ohio*, 392 U.S. 1, 16 (1968). The Michigan Court of Appeals suggests the determining factor in assessing whether a detention is too long in duration is "whether the police were diligently pursuing a means of investigation that was likely to confirm or dispel their suspicions" *People v. Chambers*, 489 N.W. 2d 168, 125 (1992).

Even if Section 30.30 was violated, the Court finds suppression of all evidence obtained is not an appropriate remedy. The 15 minute limitation is a statutory right prescribed by the Guam legislature, not a constitutional right. The Fourth Amendment protects against unreasonable search and seizures and is applicable pursuant to §1421b(c) of the Organic Act of Guam. However, nothing in the Act incorporates the 15 minute limitation as a constitutionally afforded right to the people of Guam. As a result, the Court believes that had a violation of the

15 minute rule occurred, the appropriate remedy would be to place a limited suppression of the evidence obtained during the excess time over 15 minutes to eventual arrest. Finally, no fruit of a poisonous tree argument could apply in this case as there was no 15 minute rule violation and if there was a violation; the police would have inevitably discovered Defendant's intoxication as the evidence for that was bountiful.[2] *See Nix v. Williams*, 467 U.S. 431 (1984). Therefore, Defendant could not have the remedy he desires even if a violation of 8 GCA § 30.40 occurred, which it did not.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Suppress. The Parties will return December 3, 2012 at 3:00p.m. for a Further Proceedings.

So **ORDERED** this ____ day of November, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

---

[2] Clearly, probable cause existed to find that Defendant was driving while under the influence as the condition of his vehicle and person provided several indicators of a violation of the vehicle code. In addition, Defendant was driving without a valid license and there was abundant evidence to find adequate probable cause to make an arrest.